The COUNTY OF FRESNO et al.,
Plaintiffs-Appellees,

v.

Cecil D. ANDRUS et al., Defendants.

National Land for People, Inc., Applicant
for Intervention-Appellant.

No. 78–1973.

United States Court of Appeals,
Ninth Circuit.

June 30, 1980.

Mary Louise Frampton, Olmos & Frampton, Fresno, Cal., for National Land for People.

John F. Daum, Los Angeles, Cal., argued for Fresno County; Robert M. Wash, Fresno, Cal., on brief.

Before CHOY and NELSON, Circuit Judges, and SCHNACKE, District Judge.*

NELSON, Circuit Judge:

National Land for People, Inc. (NLP) appeals from the District Court's denial of its Fed.R.Civ.P. 24(a)(2) motion to intervene as of right. This appeal arises out of an action the County of Fresno and others brought to enjoin the Secretary of the Interior from promulgating regulations governing excess land sales until an environmental impact statement was prepared. NLP is a group of small farmers and would-be farmers who seek the opportunity to purchase federally irrigated excess land in the Westlands Water District. It asserts that it is entitled to intervene as of right in this case because it has an interest in the regulations being promulgated expeditiously and neither the Secretary of the Interior nor any other party to the litigation will protect this interest adequately. We agree, and therefore we reverse the order of the District Court.

## Statement of Facts

In May 1976, NLP brought an action in District Court for the District of Columbia, *National Land for People, Inc. v. Bureau of Reclamation,* 417 F.Supp. 449 (D.D.C.1976), to compel the Secretary of the Interior to initiate public rulemaking proceedings under the Administrative Procedure Act.

NLP requested rulemaking to insure enforcement of the statutory requirement that any person owning in excess of 160 acres of land receiving subsidized water from a federal reclamation project must dispose of excess land in lots of not more than 160 acres to residents of the land or those living in the neighborhood, and at prices that reflect the value of the land without the federally subsidized irrigation. 43 U.S.C. §§ 423e & 431; *see* 417 F.Supp. at 451.

The District Court rejected the Bureau's argument that the law could be enforced best on a case-by-case basis. That Court therefore granted NLP's motion for a preliminary injunction and ordered the Secretary of the Interior to initiate rulemaking proceedings and to suspend approval of any excess land sales in the Westlands Water District.

The D.C. Circuit Court, however, dismissed the case as moot on the basis of the federal defendant's assurances that final rules would be promulgated expeditiously and that no approvals of excess land sales would be allowed until the rules were issued. The Department of the Interior reversed its decision to suspend excess land sales, and the NLP petitioned the D.C. Circuit for a recall of the mandate ordering the action dismissed. In April 1979, the D.C. Circuit granted the petition and reinstated the appeal. The case presently awaits decision.

On November 10, 1977, the County of Fresno and the other plaintiffs brought this action to compel the Department of the Interior to suspend rulemaking proceedings until an environmental impact statement was prepared. On November 28, the Department moved for a change of venue to the District Court for the District of Columbia. Two days later NLP filed a Fed.R. Civ.P. 24(a)(2) motion to intervene as of right, a motion for change of venue, and an opposition to the plaintiffs' motion for a

---

* Honorable Robert H. Schnacke, United States District Judge, Northern District of California, sitting by designation.

preliminary injunction. The District Court subsequently denied NLP's motion to intervene and the defendant's motion for a change of venue, and granted the plaintiffs' motion for a preliminary injunction. The Department of the Interior did not appeal from either the order denying the motion for change of venue or the order granting the plaintiffs a preliminary injunction. The Department of the Interior now asserts that an Environmental Impact Statement will be published in December 1980. NLP appeals from the order denying the motion to intervene.

### The Merits

■ Because the denial of a motion to intervene as of right is a final order within the meaning of 28 U.S.C. § 1291, *Blake v. Pallan*, 554 F.2d 947, 951 n.5 (9th Cir. 1977); *Brennan v. Silvergate Dist. Lodge No. 50*, 503 F.2d 800, 803 (9th Cir. 1974), we reach the merits of NLP's appeal.

■ Under the Federal Rules of Civil Procedure, a party may intervene as of right if it satisfies a 4-part test set forth in Rule 24(a)(2): (1) The party's motion must be timely; (2) the party must assert an interest relating to the property or transaction which is the subject of the action, (3) the party must be so situated that without intervention the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the party's interest must be inadequately represented by the other parties. Fed.R. Civ.P. 24(a)(2); *see Blake v. Pallan*, 554 F.2d 947, 951 (9th Cir. 1977); *Stockton v. United States*, 493 F.2d 1021, 1022–23 (9th Cir. 1974). Because there is no dispute that NLP's motion was timely, we only address the last three parts of the test.

■ *NLP's Interest.* We have rejected the notion that Rule 24(a)(2) requires a specific legal or equitable interest. *Blake v. Pallan*, 554 F.2d 947, 952 (9th Cir. 1977); *Johnson v. San Francisco Unified School District*, 500 F.2d 349, 352–53 (9th Cir. 1974). We agree with the D.C. Circuit that "the 'interest' test is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is

compatible with efficiency and due process." *Nuesse v. Camp*, 385 F.2d 694, 700 (D.C.Cir. 1967) (Leventhal, J.). The 'interest test' is basically a threshold one, rather than the determinative criterion for intervention, because the criteria of practical harm to the applicant and the adequacy of representation by others are better suited to the task of limiting extension of the right to intervene. *See Smuck v. Hobson*, 408 F.2d 175, 179 (D.C.Cir. 1969) (Bazelon, J.).

Viewing the issue in this way, we are satisfied that NLP has an "interest" in the action within the meaning of Rule 24(a)(2). Congress enacted the reclamation laws to provide small farmers, like those the NLP represents, with small tracts of farm land at nonspeculative prices. *See National Land for People, Inc. v. Bureau of Reclamation*, 417 F.Supp. 449, 452 (D.D.C.1976), *citing* H.R.Rep.No. 1468, 57th Cong., 1st Sess. 8 (1902). The individual members of NLP are precisely those Congress intended to protect with the reclamation acts and precisely those who will be injured if the Department of the Interior does not act expeditiously in accordance with the mandates of the reclamation acts and the Administrative Procedure Act. *See Bryant v. Yellen*, —— U.S. ——, 100 S.Ct. 2232, 64 L.Ed.2d —— (1980). The NLP in fact is responsible for the regulations being promulgated in the first instance, and its interest in these regulations has already been given explicit judicial recognition in another action. *See id.* For these reasons, we find that NLP satisfies the "interest" test.

*Impairment of NLP's interest.* Appellees do not specifically dispute that NLP will be injured and its opportunity to participate in excess land sales impaired if this litigation drags on further and more delays postpone the promulgation of the regulations. We find that NLP satisfies this requirement of Rule 24(a)(2) as well.

*Adequate Representation of NLP's interest.* We held in *Blake v. Pallan*, 554 F.2d 947, 954–55 (9th Cir. 1977), that a would-be intervenor is adequately represented if: (1)

the interests of a present party to the suit are such that it will undoubtedly make all of the intervenor's arguments; (2) the present party is capable of and willing to make such arguments; and (3) the intervenor would not offer any necessary element to the proceedings that the other parties would neglect. NLP's arguments in opposition to the motion for a preliminary injunction were virtually identical to the Department of the Interior's arguments, but the Department did not pursue these arguments, as NLP would have, by taking an appeal. This unwillingness indicates that the Department does not represent NLP fully. Moreover, we observe that there is further reason to doubt that the Department will fully protect NLP's interest in the expeditious promulgation of the regulations, in light of the fact that the Department began its rulemaking only reluctantly after NLP brought a law suit against it. For both reasons, we conclude that NLP's interest is not represented adequately, and that the last aspect of Rule 24(a)(2)'s 4-part test is satisfied.

### Conclusion

We find that NLP may intervene in this action as of right. The District Court's order denying NLP's motion to intervene is therefore

REVERSED.