**GOVERNMENT OF the VIRGIN ISLANDS, Appellee,**

v.

**CERTAIN PARCELS OF LAND IN ESTATE NISKY, NO. 6 SOUTHSIDE QUARTER, CONSISTING OF 1.189 ACRES MORE OR LESS IN ST. THOMAS, U.S. VIRGIN ISLANDS, John Joseph, et al., Estate of Ozias Parrott and all the Named Defendants Claiming an Interest in Parcel No. 8 of Estate Nisky, Appellants.**

No. 82–3458.

United States Court of Appeals, Third Circuit.

Argued April 28, 1983.

Decided Aug. 5, 1983.

---

Arthur W. Finch (argued), Asst. Atty. Gen., Dept. of Law, St. Thomas, V.I., for appellee.

Roy E. Parrott (argued), Asst. Atty. Gen., St. Thomas, V.I., pro se and for appellants.

Before GIBBONS, SLOVITER, and BECKER, Circuit Judges.

## OPINION OF THE COURT

BECKER, Circuit Judge.

This appeal presents the question whether an individual who succeeds to real property by intestacy may participate in condemnation proceedings brought against that property before he has formally been adjudicated an heir. The district court held that participation by such a person is foreclosed and therefore precluded appellant from contesting the Government of the Virgin Islands' estimate of the value of the condemned property. We disagree, and we therefore will vacate and remand for further proceedings.

### I.

In early 1980, the Government of the Virgin Islands (the "Government") instituted proceedings to condemn a number of parcels of land in Estate Nisky, St. Thomas. The record titleholder of two of the parcels was the recently deceased Ozias Parrott; the Government's petition therefore named as respondents the estate of Ozias Parrott and six of his twelve children.

The Government attempted to effect service on all respondents by serving Roy Parrott (the "appellant"), who is one of the children named as respondents [1] and also a member of the Virgin Islands Bar Association, but appellant refused to accept service, stating that he was not authorized to do so "in this action for *any* of the named respondents." (Emphasis added.) Thereafter, neither appellant nor any of the other respondents ever filed an answer or entered an appearance in response to the Government's petition.[2]

---

1. The other five children named were Austin Parrott, Mallory Parrott, Harry Parrott, Dennis Parrott, and Morales Parrott. This appeal was filed in the names of Roy Parrott, the estate, and Austin, Mallory, Harry, Dennis, and Morales Parrott; the order appealed from, however, relates in terms only to Roy Parrott, and we therefore have designated him "appellant."

2. Pursuant to an order of the district court, service had been made by publication in the

Despite the lack of official response by appellants,[3] the district court appointed three Commissioners to value the land,[4] and the Commissioners notified all Parrott children by mail that the first meeting of interested parties and attorneys would be held on April 16, 1981. The notice stated that "each party will be required to produce evidence in support of what it believes to be just compensation." Only appellant showed up at the appointed time; however, he did not formally enter an appearance, either on his own behalf or as counsel for his siblings. Accordingly, the Government objected to appellant's participation in the proceedings, but the Commissioners nevertheless decided to hear him as an "amicus curiae." When they again convened on July 1, 1981, for the express purpose of accepting evidence on the value of each of the condemned parcels, however, the Commissioners granted (over appellant's objection) what they termed the Government's "ex parte motion" to accept the Government's estimate of the value of the Parrott property without the participation of any of parties named in the published notices.

Having been denied the opportunity to participate in the hearing on just compensation, appellant moved the district court to discharge the Commission or to issue an order to show cause why the Commissioners had not exceeded their authority in denying appellant the opportunity to present evidence of the value of the condemned property.[5] The Court ruled that appellant had no standing to make the motion and denied the requested relief, explaining that appellant could not participate in the hearing unless he appeared as the legal representative of the estate, as an adjudicated heir of Ozias Parrott, or as an attorney for any other adjudicated heir. Appellant could pretend to none of these roles;[6] he now appeals from the district court's refusal to allow him to participate.

## II.

■ The Government initially contends that we must dismiss this appeal for lack of appellate jurisdiction because the district court never entered a final order, see 28 U.S.C. § 1291 (1976) (amended 1982). Specifically, the Government notes that the Commission has not issued a final report on

---

*Daily News* and the *Virgin Islands Post & Mirror.* The notices named each of the respondents as putative heirs.

3. Following his receipt of the petition, Morales Parrott did notify the Government by letter of the existence of six other children of Ozias Parrott, all of whom resided in New York City. The Government subsequently amended its petition to include Lorna Reed, Reseda Williams, Theodore Edmead, Audrey Michael, Hilda Parrott, and Ina Parrott (who is apparently the widow of the twelfth child). The letter stated that the Parrott children living in New York all objected to the Government's estimating the land's value at $38,500 and asserted that the land was worth almost twice that amount. The letter further advised that "a letter is being sent to Roy Parrott this date to coordinate our objectives as stated, along with a request for follow-up action in this civil matter with your office to effect a defense for our demand of $66,276.00 as just compensation for our property."

4. The district court appointed the Commissioners pursuant to 28 V.I.C. § 418 (1976).

5. It does not appear that appellant raises any objection to the taking itself; he complains

only of the Commissioners' valuation of the condemned parcels.

6. Both the district court and the Government expressed concern over the identity of the heirs. While the original condemnation petition named appellant and a number of his siblings as persons known to have a claim or interest, the Government apparently did not wish to become embroiled in a dispute over how many heirs there were in addition to appellant and those named in the original petition or whether all of these people were in fact heirs.

There are indications in the record that appellant was acting as counsel for his siblings, see infra note 7. However, the district court explained in its remarks from the bench:

If you have a power of attorney from all heirs of Ozias Parrott authorizing you to administer the estate of Parrott without administration, that would not give you standing in this condemnation. That gives you standing in the estate to act as their attorney in fact in that estate which is a different thing altogether, and it has to be perfectly clear. Transcript of Motion, p. 7.

just compensation, in accordance with Fed. R.Civ.P. 71A(h) and 53(e)(2); nor has the district court taken any action "to adopt, modify, reject, recommit, or receive further evidence with respect to" any such report. Hence, the Government asserts, the district court's denial of appellant's motion for an order to show cause or to discharge the Commission is an unappealable interlocutory order in an as yet uncompleted proceeding to condemn a whole series of lands in addition to the Parrott parcels.

We recognize that the underlying litigation is not over, but we do not agree that the district court's denial of appellant's motion is unreviewable at this juncture. Although appellant styled his motion as one principally seeking to discharge the Commissioners, his grievance essentially was that the Commissioners had refused to allow him to intervene in proceedings in which he claimed to have a right to participate. Indeed, appellant argued as much to the district court:

> [I]t is my understanding of the law that upon the death of the property owner, title to the land vested in the distributees, and it appears to me that was the theory upon which I was made a party defendant to this cause of action, as a party with a vested interest in the subject property, and as such, *it would seem to me I have the right to represent my own right.*

(Emphasis added.) The district court's denial of appellant's motion therefore was tantamount to a denial of a motion to intervene as of right, and it is well established that such a denial is an appealable final order, *Philadelphia Electric Co. v. Westinghouse Electric Corp.,* 308 F.2d 856, 859 (3d Cir.1962), *cert. denied,* 372 U.S. 936, 83 S.Ct. 883, 9 L.Ed.2d 767 (1963); *accord County of Fresno v. Andrus,* 622 F.2d 436, 438 (9th Cir.1980); *Hines v. D'Artois,* 531 F.2d 726, 737–38 (5th Cir.1976).

### III.

Having concluded that we have jurisdiction to entertain this appeal, we now turn to the question whether the Commission should have allowed appellant to present evidence regarding the value of the parcels in which he claimed an interest. The court reasoned that appellant had no standing to participate in valuation proceedings unless he appeared as an adjudicated heir, as attorney for an adjudicated heir, or as legal representative of the estate; appellant did not fit within any of these categories.[7] We disagree with the court's analysis because we find it to be at odds both with the language and purpose of Rule 71A and with Virgin Islands law.

First, it is clear that Rule 71A, which outlines the procedures for actions in which the Government is exercising its eminent-domain power,[8] gives appellant the right to participate in the valuation proceedings even if his status is only that of a putative heir. In particular, the Rule provides that the Government shall name as defendants all persons "having *or claiming* an interest in the property whose names are then known." Fed.R.Civ.P. 71A(c)(2) (emphasis added). Moreover, the Rule requires that, "prior to any hearing involving the compen-

---

7. We recognize that the capacity in which appellant sought to participate appears to have varied over the course of the proceedings. At one time or another, he has purported to represent the estate, his siblings, and himself. It does not appear from the record that appellant should have been permitted to represent either the estate or his siblings, inasmuch as he had not been appointed representative of the estate and had not entered an appearance as counsel on behalf of his siblings; however, appellant's personal interest in this matter is sufficient to entitle him to the relief he seeks, and we therefore need not address his other putative roles. Although the district court's ruling did not turn on the question of the bona fides of appellant's representation of his siblings, *see supra* note 6, we note that the district court has the right to insist on the entry of an appearance as a condition of counsel's representation of clients.

8. Rule 71A "govern[s] the procedure for the condemnation of real and personal property under the power of eminent domain," Rule 71A(a), and applies even when the action involves "the exercise of the power of eminent domain under the law of a state," Rule 71A(k). It thus would appear that the Rule controls when the condemnor is a territorial government acting under territorial law, and no one has argued to the contrary.

sation to be paid for a piece of property, the plaintiff shall add as defendants all persons having or claiming an interest in that property ...." *Id.* Finally, the Rule specifically allows any defendant, whether or not he has previously answered or appeared, to "present evidence as to the amount of the compensation to be paid for his property...." Fed.R.Civ.P. 71A(e).[9]

■ In addition, as the Government conceded at oral argument, Virgin Islands law provides that heirs-at-law succeed to real property of an intestate by operation of law, without the necessity of a formal administration of the estate.[10] Indeed, by naming appellant as a defendant, the Government implicitly acknowledged that the child of an intestate claims an interest in the decedent's property sufficient to warrant participation in condemnation proceedings. *See* Fed.R.Civ.P. 71A(c)(2).

■ It thus appears that the district court erred in holding that the unadministered status of the estate of Ozias Parrott precluded appellant's participation in this hearing to determine just compensation.[11] Indeed, a contrary result would be manifestly unjust, for those who have the greatest stake in a determination of the property's value would be barred from protecting their interest by the mere fortuity that the condemnation coincided with an intestate succession. The drafters of the Rule could not have contemplated such a result, and neither can we.

The judgment of the district court will be vacated and the case remanded for further proceedings consistent with this opinion.

9. Thus, even appellant's attempted refusal to accept process would not preclude his participation in the hearing on just compensation.

10. Virgin Islands law recognizes the widely accepted principle of descent providing that all real-property interests pass to the heirs upon the death of the intestate ancestor and can be asserted by those heirs immediately. *See Rhymer v. Government of Virgin Islands,* 176 F.Supp. 338, 342 (D.V.I.1959) (Hastie, Circuit Judge); *see generally Estate of Nelthropp,* 129 F.Supp. 609 (D.V.I.1955). Even under Danish law, which formerly controlled in the Virgin

Islands, real property vested in the heirs immediately upon the death of the ancestor. *See Estate of Wright,* 207 F.Supp. 912, 914–18 (D.V.I.1962) (Mena, Dist.Ct.Comm'r).

11. Appellant's siblings therefore will also be entitled to present evidence of value at the reconstituted proceedings to determine just compensation. Appellant presumably will be permitted to do so on their behalf, should he first enter a formal appearance as their counsel.