792 F.2d 775
 5 Fed.R.Serv.3d 134, 16 Envtl. L. Rep. 20,909
 PEOPLE OF the STATE OF CALIFORNIA; John Van De Kamp,
Attorney General of California, Plaintiffs-Appellees,
v.
The TAHOE REGIONAL PLANNING AGENCY, Defendant.
Incline Village General Improvement District, Applicant for
Intervention-Appellant.
 No. 84-2869.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1986.
Decided June 17, 1986.
 
 John K. Van de Kamp, Atty. Gen., N. Gregory Taylor, Asst. Atty. Gen., Richard M. Skinner, Dist. Atty. Gen., Sacramento, Cal., E. Clement Shute, Jr., Anita E. Ruud, Shute, Mihaly & Weinberger, San Francisco, Cal., for plaintiffs-appellees.
 Richard P. Shanahan, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, Cal., for applicant for intervention-appellant.
 Appeal from the United States District Court for the Eastern District of California.
 Before SCHROEDER, CANBY and BOOCHEVER, Circuit Judges.
 SCHROEDER, Circuit Judge.
 
 
 1
 Incline Village General Improvement District (IVGID) appeals the order of the district court denying its motion to intervene in a suit between California and the Tahoe Regional Planning Agency. IVGID challenges the district court's conclusion that its interests were adequately represented by the existing parties.
 
 FACTS
 
 2
 In 1980 Congress amended the California-Nevada Tahoe Regional Planning Compact (Compact), Pub.L. No. 96-551, 94 Stat. 3233, at Cal.Govt.Code Sec. 66801, to require the Tahoe Regional Planning Agency (TRPA) to amend its regional plan in order to achieve specified environmental goals. In 1984, TRPA amended its plan. The California Attorney General immediately filed suit in district court challenging the adequacy of TRPA's new plan. The League to Save Lake Tahoe filed a similar suit, which was consolidated with the California action. Subsequently, the district court permitted the Tahoe-Truckee Sanitation Agency (TTSA), the Tahoe Shorezone Representation, and the State of Nevada to intervene in the action. The plaintiffs challenged the adequacy of TRPA's amended plan, contending that it did not comply with the Compact's requirements. They also sought to enjoin TRPA from approving any projects under the amended plan.
 
 
 3
 On August 9, 1984, the district court granted a preliminary injunction, enjoining TRPA from approving any project development or construction in the Lake Tahoe Basin pending trial. We upheld this preliminary injunction in People of California v. Tahoe Regional Planning Agency, 766 F.2d 1308 (9th Cir.1985). We also refused to modify the preliminary injunction as requested by two intervenors, the Tahoe-Truckee Sanitation Agency (People of California v. Tahoe Regional Planning Agency, 766 F.2d 1316 (9th Cir.1985)) and Tahoe Shorezone Representation (People of California v. Tahoe Regional Planning Agency, 766 F.2d 1319 (9th Cir.1985)). Settlement negotiations are now taking place.
 
 
 4
 Appellant IVGID, an applicant to intervene in this action, is a special public district located in Washoe County, Nevada, in the Lake Tahoe Basin. It is responsible for the financing, construction, and operation of roads, and sewer, water, and recreational facilities in its region. Washoe County itself provides only limited services, and there is no city government in the area. Therefore, IVGID is an important unit of local government. IVGID conducted a study of the impact of the preliminary injunction on its district, and concluded that by virtue of the injunction its revenues would decrease and land values would decline.
 
 
 5
 In addition to expressing its fiscal concerns, IVGID seeks in this litigation to promote a flexible interpretation of TRPA's land coverage regulations plan, known as the "Bailey Report." That plan attempts to reduce land erosion and the resulting lake sediment by classifying land and limiting the type and density of construction permissible on each class. For discussion of the Bailey Report, see People of California v. Tahoe Regional Planning Agency, 766 F.2d at 1315.
 
 
 6
 IVGID moved to intervene on August 2, 1984. After a hearing, on December 4, 1984, the district court denied IVGID's motion to intervene either as of right pursuant to Fed.R.Civ.P. 24(a)(2), or permissibly, pursuant to Rule 24(b)(2). The district court concluded that IVGID's interests are adequately represented by existing parties, specifically TRPA, the State of Nevada, and the Tahoe-Truckee Sanitation Agency, which is an agency made up of utility districts similar to IVGID. Furthermore, it concluded that IVGID's motion for permissive intervention should be denied because IVGID's participation would be redundant and would impair the efficient administration of justice in this case. However, the district court invited IVGID to participate as amicus curiae. We affirm.
 
 DISCUSSION
 
 7
 We review a district court order denying intervention as of right de novo. United States v. Stringfellow, 783 F.2d 821, 825-26 (9th Cir.1986), cert. granted on other grounds, --- U.S. ----, 106 S.Ct. 2273, 89 L.Ed.2d ---- (U.S.1986). Our standard for reviewing a district court's denial of a motion for permissive intervention is whether the district court abused its discretion. Hawaii-Pacific Venture Capital Corp. v. Rothbard, 564 F.2d 1343, 1346 (9th Cir.1977).
 
 
 8
 IVGID seeks to intervene pursuant to Fed.R.Civ.P. 24(a)(2) or, alternatively, Rule 24(b)(2). Fed.R.Civ.P. Rule 24 provides:
 
 
 9
 (a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 10
 (b) Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) when an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 
 
 11
 We apply a four-part test in evaluating claims for intervention as of right under Rule 24(a)(2). The applicant's motion must be timely; the applicant must assert an interest relating to the property or transaction which is the subject of the action; the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and the applicant's interest must be inadequately represented by the other parties. Stringfellow, 783 F.2d at 826; Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.1983).
 
 
 12
 The district court concluded that IVGID satisfied three of the requirements under our test. It decided that the motion was timely, that IVGID had sufficient interest in the litigation, and that the outcome of the litigation would affect IVGID's interest. However, the court ultimately held that IVGID's interests were adequately represented by existing parties. Thus, on appeal, the sole issue is whether that conclusion was erroneous.
 
 
 13
 In determining adequacy of representation, we consider whether the interest of a present party is such that it will undoubtedly make all the intervenor's arguments; whether the present party is capable and willing to make such arguments; and whether the intervenor would offer any necessary elements to the proceedings that other parties would neglect. Sagebrush Rebellion, 713 F.2d at 528; County of Fresno v. Andrus, 622 F.2d 436, 438-39 (9th Cir.1980). The applicant is required only to make a minimal showing that representation of its interests may be inadequate. Stringfellow, 783 F.2d at 827.
 
 
 14
 IVGID believes that none of the existing parties will adequately represent its interests in this litigation. It points out weaknesses as to each. It argues, for example, that TRPA has failed to emphasize the financial hardship to entities like IVGID. IVGID urges that the TTSA cannot adequately represent its interest, because TTSA is bound by a state court order to apply the Bailey provisions strictly, while IVGID favors a more flexible application of the Bailey Report. IVGID also denies that Nevada can represent its interest, because Nevada's primary concern is alleged to be water quality, rather than the fiscal impact of the injunction.
 
 
 15
 For purposes of this appeal we give full credence to the alleged inadequacies in the representation of each existing party. IVGID's position, however, fails to take into account the cumulative effect of the representation of all existing parties. Each of IVGID's concerns is being addressed by at least one of the existing parties. With respect to fiscal concerns, TTSA extensively argued the issue of financial hardship to public agencies and presented evidence of loss of revenue. See, e.g., People of California v. Tahoe Regional Planning Agency, 766 F.2d 1316, 1319 (9th Cir.1985). TRPA vigorously defended its flexible interpretation of the Bailey Report. 766 F.2d at 1315.
 
 
 16
 There are no circumstances in this case similar to those which prompted holdings of inadequate representation in other cases. Unlike the situation in United States v. Stringfellow, 783 F.2d at 828, IVGID's interests in this case do not in any way conflict with those of several existing parties. Unlike Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525 (9th Cir.1983), there are no questions of adequacy resulting from a party's involvement on both sides of the law suit. And unlike County of Fresno v. Andrus, 622 F.2d 436, 439 (9th Cir.1980), IVGID did not have to prod any of the parties to become involved in the litigation. Indeed, interests similar to IVGID's have been advanced in previous appeals. See, e.g., People of California v. Tahoe Regional Planning Agency, 766 F.2d at 1315; 766 F.2d at 1319. IVGID's assertion, with the benefit of hindsight, that it would have argued its interests more vigorously than existing parties does not amount to a showing of inadequate representation of its interests. Thus, we conclude that the district court correctly decided that IVGID's interests are adequately represented by existing parties.
 
 
 17
 IVGID also seeks permissive intervention under Rule 24(b)(2). However, given our conclusion that IVGID's interests are adequately represented by existing parties, we cannot say that the district court abused its discretion in concluding that IVGID's intervention would be redundant and would impair the efficiency of the litigation. Therefore, we affirm.
 
 
 18
 AFFIRMED.