980 F.2d 738
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SALMON RIVER CONCERNED CITIZENS, California Coalition for
Alternatives To Pesticides Inc., Safe Alternatives for Our
Forest Environment, Inc., Northcoast Environmental Center,
Inc., Plaintiffs-Appellees,
v.
Dale ROBERTSON, Chief Forester United States Forest Service,
United States Department of Agriculture, Defendant,
California Forestry Association, Intervenor-Appellant.
 No. 91-16369.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Nov. 3, 1992.
Decided Nov. 30, 1992.
 
 Before SNEED, ALARCON and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Appellant California Forestry Association challenges the district court's denial of intervention as of right in the underlying NEPA compliance suit concerning the sufficiency of the Environmental Impact Statement for Region 5 of the National Forest System. We affirm.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 In the underlying suit, the appellees, Salmon River Concerned Citizens, are alleging that the Environmental Impact Statement (EIS) prepared by the Forest Service, in connection with its Vegetation Management for Reforestation (VMR) policy for Region 5 of the National Forest System, does not meet the requirements of the National Environmental Policy Act (NEPA), 42 U.S.C. § 4321 et seq. Appellees are seeking an injunction banning the use of herbicides until an EIS that meets the requirements of NEPA has been produced. Appellant California Forestry Association (CFA), a California nonprofit mutual benefit corporation which represents approximately eighty-two forest products businesses and affiliated companies, was denied intervention as of right in the action under Federal Rule of Civil Procedure Rule 24. While the district court denied intervention, it permitted CFA to file amicus briefs.
 
 II.
 JURISDICTION AND STANDARD OF REVIEW
 
 4
 This court has jurisdiction to review the denial of intervention as a final order under 28 U.S.C. § 1291. A district court's denial of intervention as of right is reviewed de novo. Scotts Valley Band of Pomo Indians v. United States, 921 F.2d 924, 926 (9th Cir.1991).
 
 III.
 DISCUSSION
 
 5
 The appellant is challenging the district court's denial of its motion to intervene as of right. To intervene as of right a party must show: (1) its motion was timely; (2) it has an interest relating to the property or transaction which is the subject of the action; (3) it is so situated that without intervention, the disposition of the action may as a practical matter impair or impede its ability to protect that interest, and (4) its interest is not adequately represented. Portland Audubon Soc'y v. Hodel, 866 F.2d 302, 308 (9th Cir.), cert. denied, 492 U.S. 911 (1989). The burden to prove each of these elements is on the applicant. Petrol Stops Northwest v. Continental Oil Co., 647 F.2d 1005, 1010 n. 5 (9th Cir.), cert. denied, 454 U.S. 1098 (1981). Rule 24 receives a liberal construction in favor of the applicant for intervention. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.1983).
 
 
 6
 The issue in this case is whether the appellant has an interest sufficient to warrant intervention. Rule 24 does not require a specific legal or equitable interest, County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir.1980), but "purely economic interests" are not sufficient for intervention in a NEPA action under Portland Audubon, 866 F.2d at 309. To justify intervention, the interest must be one "intended to be protected by the statute at issue--in this case, NEPA." Id.
 
 
 7
 CFA argues that they have significant, noneconomic interests. Additionally, they claim that their prior involvement with the EIS, its members' social and economic interests in the communities affected by a ban of herbicides, and the proper interpretation of NEPA give CFA an interest in the suit. Finally, CFA argues that it is entitled to intervene as an intended beneficiary of various statutes concerning the National Forests, 16 U.S.C. § 1601 et seq., 16 U.S.C. § 528-31, and 16 U.S.C. § 475, under County of Fresno, 622 F.2d at 437-38.
 
 
 8
 The district court's determination that CFA's noneconomic interests did not justify intervention was correct. An interest in the proper interpretation of a statute is not adequate for intervention. See Dilks v. Aloha Airlines, Inc., 642 F.2d 1155, 1157 (9th Cir.1981). Also, if CFA's prior involvement were sufficient, intervention would be too readily available. Nor can CFA claim that it is an intended beneficiary of the forestry statutes. In County of Fresno, the intervenors had previously obtained a court order requiring the rulemaking, 622 F.2d at 437, and were those intended to be protected by the statute at issue. Portland Audubon, 866 F.2d at 309. In the circumstances present here the forestry statutes do not create the interest necessary for intervention.
 
 
 9
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3