**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER and OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF ARIZONA, | No. 14-15113 |
| Plaintiffs - Appellees, | D.C. No. 4:13-cv-04517-CW |
| v. | MEMORANDUM[*] |
| UNITED STATES DEPARTMENT OF JUSTICE and LORETTA E. LYNCH, Attorney General, | |
| Defendants, | |
| v. | |
| MARC KLAAS, | |
| Movant - Appellant. | |

| | |
|---|---|
| HABEAS CORPUS RESOURCE CENTER and OFFICE OF THE FEDERAL PUBLIC DEFENDER FOR THE DISTRICT OF ARIZONA, | No. 14-16806 |
| | D.C. No. 4:13-cv-04517-CW |

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

1

Plaintiffs - Appellees,

v.

UNITED STATES DEPARTMENT OF
JUSTICE and LORETTA E. LYNCH,
Attorney General,

Defendants,

v.

MARC KLAAS,

Movant - Appellant.

Appeal from the United States District Court
for the Northern District of California
Claudia Wilken, Senior District Judge, Presiding

Submitted December 10, 2015[**]
San Francisco, California

Before: O'SCANNLAIN, SILVERMAN, and BEA, Circuit Judges.

Marc Klaas sought to intervene as of right in a case brought against the U.S.

Department of Justice and the Attorney General challenging regulations

promulgated under 28 U.S.C. § 2265(b). *See* Fed. R. Civ. P. 24(a). The district

court denied Klaas intervenor status, but allowed him to participate as an amicus

------

[**] The panel unanimously concludes these cases are suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

curiae. Klaas appeals the district court's denial of intervention and, relatedly, filed a protective appeal. We have jurisdiction under 28 U.S.C. § 1291, review the district court's decision denying intervention as of right de novo, *see Citizens for Balanced Use v. Mont. Wilderness Ass'n*, 647 F.3d 893, 896 (9th Cir. 2011), and affirm. We also dismiss Klaas's protective appeal.

1. To intervene as of right, Klaas must show, among other things, that he has a "significantly protectable" interest in the property or transaction that is the subject of the suit. *See Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (en banc); *see also* Fed. R. Civ. P. 24(a)(2). Klaas claims that 18 U.S.C. § 3771, which provides crime victims with certain rights, gives him a "significantly protectable" interest. We agree with the district court that it does not. Section 3771 gives crime victims rights in certain cases involving *individual* criminal defendants and prisoners and prescribes certain remedies. This case does not involve an individual defendant or prisoner, and intervention is not among the remedies listed in the statute. *See* 18 U.S.C. § 3771(b), (d); *cf. Brandt v. Gooding*, 636 F.3d 124, 136 (4th Cir. 2011) (holding that § 3771 does not give crime victims the right to intervene in federal habeas proceedings).

In addition, Klaas's claim to an interest in the subject of this litigation is speculative and attenuated. He suggests that, if the regulations at issue were

allowed to go into effect, the federal habeas proceedings for Richard Davis, who killed Klaas's daughter, would be expedited. For Klaas to derive any possible benefit from the regulations, at a minimum, the state of California would have to request certification of its mechanism for the appointment of capital counsel in state postconviction proceedings, the Attorney General would have to grant certification, the state of California would have to seek the benefits of title 28, chapter 154 of the United States Code, and the federal habeas court would have to find that chapter 154 applies to Davis's case. *See generally* 28 U.S.C. §§ 2261, 2265. There is thus little relationship between Klaas's claimed interest and the subject of the underlying action. *See Wilderness Soc'y*, 630 F.3d at 1179.

Klaas correctly notes that we have occasionally allowed intervention in suits challenging regulations. We have typically done so if the intervenor was the proponent of the challenged regulations, *see, e.g.*, *Sagebrush Rebellion, Inc. v. Watt*, 713 F.2d 525, 526–29 (9th Cir. 1983); *Cnty. of Fresno v. Andrus*, 622 F.2d 436, 437–38 (9th Cir. 1980), or if the responsible government agency chose not to defend against the suit, *see, e.g.*, *W. Watersheds Project v. Kraayenbrink*, 632 F.3d 472, 482 (9th Cir. 2010). Neither is true in this case.

For these reasons, in No. 14-15113, we **AFFIRM** the district court's decision denying Klaas's motion to intervene as of right.

2. Having found that Klaas had no right to intervene, we **DISMISS** Klaas's protective appeal, No. 14-16806. *See Perry v. Schwarzenegger*, 630 F.3d 898, 902–03 (9th Cir. 2011) (per curiam).[1]

**APPEAL IN NO. 14-15113 IS AFFIRMED. PROTECTIVE APPEAL IN NO. 14-16806 IS DISMISSED.**

---

[1] This memorandum does not impact No. 14-16928, in which the U.S. Department of Justice and the Attorney General appeal the decision of the district court enjoining the regulations from going into effect. We will separately issue an order in that appeal granting a motion for leave to file a brief amici curiae, filed by Klaas and Edward G. Hardesty.