**WESTLANDS WATER DISTRICT,**
**Plaintiff-Appellee,**

v.

**UNITED STATES of America; U.S.**
**Department of Interior, et al.,**
**Defendants-Appellees,**

v.

**ENVIRONMENTAL DEFENSE FUND,**
**INC., Applicant for**
**Intervention-Appellant.**

**No. 81–4500.**

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 1983.

Decided March 1, 1983.

Thomas Graff, Patricia Wells, Berkeley, Cal., for applicant for intervention-appellant.

Adolph Moskovitz, Kronick, Moskovitz, Tiedemann & Girard, Sacramento, Cal., Anne S. Almy, David Shilton, Washington, D.C., David Shilton, Land & Natural Res. Div., Washington, D.C., for appellees.

Before MERRILL, WRIGHT and CHOY, Circuit Judges.

MERRILL, Circuit Judge:

The Environmental Defense Fund, Inc. ("EDF") appeals from the denial of its ap-

plication for intervention as of right under Rule 24(a), F.R.Civ.P., and for permissive intervention under Rule 24(b).[1] EDF sought to intervene in an action for declaratory and injunctive relief brought by Westlands Water District ("Westlands") against the United States, the Department of the Interior, the Bureau of Reclamation, and various officials of those agencies.

Westlands Water District is a local governmental agency of the state of California located in the Eastern District of California and organized and existing under and by virtue of the California Water District Law of the State. California Water Code, §§ 34000 et seq.

Through this lawsuit filed in 1981, Westlands seeks injunctive and declaratory relief, asserting rights acquired by it in contracts entered into between it and the United States respecting the delivery of water by the United States. The Solicitor of the Department of the Interior, interpreting the contracts and various statutes, has raised questions regarding the scope of and charge for that delivery and the obligation of Westlands to repay the cost of certain operational facilities constructed by the United States to assist in water delivery.

Westlands's complaint, numbering fifty-seven pages, recites in detail the circumstances leading to the execution of the contracts, the desire of the United States to amend them in certain respects, negotia-

tions carried on for over ten years respecting such amendments, the ultimate breakdown of negotiations, and the threat of the United States to discontinue delivery of water unless amendatory contracts demanded by it were executed.

The position of Westlands, in brief, is that absent amendments the original contracts remain in effect. It seeks a declaration of its rights under those contracts and rights arising under allegedly implied contracts and by virtue of estoppel. It seeks an injunction against the United States requiring it to honor Westlands's rights and sought a preliminary injunction requiring the United States to make specified deliveries at specified charges during the pendency of the suit.[2]

EDF is a not-for-profit membership corporation dedicated to the protection and rational use of natural resources and to the preservation and enhancement of the human environment. It has long advocated an environmentally and economically sound water policy in the state of California. In particular, it has sought to protect water quality and environmental values in the Sacramento-San Joaquin River Delta from the increased demand for water export.

Shortly after the present action was brought, following a motion by Westlands for a preliminary injunction, EDF sought to intervene as a party defendant in order to oppose Westlands's motion. It asserted, un-

---

1. Rules 24(a) and (b), F.R.Civ.P., read as follows:

(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) when a statute of the United States confers an unconditional right to intervene; or (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

(b) Permissive Intervention. Upon timely application, anyone may be permitted to intervene in an action: (1) when a statute of the United States confers a conditional right to intervene; or (2) when an applicant's

claim or defense and the main action have a question of law or fact in common. When a party to an action relies for ground of claim or defense upon any statute or executive order administered by a federal or state governmental officer or agency or upon any regulation, order, requirement or agreement issued or made pursuant to the statute or executive order, the officer or agency upon timely application may be permitted to intervene in the action. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

2. Westlands and the United States stipulated to a settlement of the issues raised by Westlands's motion for a preliminary injunction

der Rule 24(a), that it possesses the requisite interest in the subject matter of the action, i.e., the extent of the right of Westlands to water exported from the Sacramento-San Joaquin Delta by the Central Valley Project of the United States Bureau of Reclamation; that EDF or its members will be injured and their interests will, as a practical matter, be impaired or impeded by a decision favorable to plaintiff; and that EDF's interest is not adequately represented by the governmental defendants in this suit. It also sought permissive intervention under Rule 24(b).

The District Court denied the motion to intervene and EDF appeals. We affirm.

EDF and its members do indeed have an interest in the extent of the right of Westlands to water exported from the Delta. The same can be said of a substantial portion of the population of northern California. While we recognize that the requirements of Rule 24(a) are to be construed in favor of the applicant for intervention, see, e.g., Washington State Bldg. & Constr. Trades Council v. Spellman, 684 F.2d 627, 630 (9th Cir.1982), this interest is not a legally protectible interest that can support EDF's intervention as a party in a suit involving rights under contracts to which it is not a party. Cf. Dilks v. Aloha Airlines, 642 F.2d 1155, 1157 (9th Cir.1981) (junior pilots had no legally protectible interest in senior pilot's wrongful discharge suit); United States v. Alpine Land and Reservoir Company, 431 F.2d 763, 768–69 (9th Cir. 1970), cert. denied, 401 U.S. 909, 91 S.Ct. 869, 27 L.Ed.2d 807 (1971) (Pyramid Lake Indian Tribe had no interest in Carson River waters, the subject matter of suit, but only had rights in Truckee River waters which were incidentally affected); Rosebud Coal Sales v. Andrus, 644 F.2d 849, 850–51 (10th Cir.1981) (coal company not permitted to intervene in contract dispute between another coal company and the Department of the Interior over the raising of lease royalty rates despite fact its own lease would be directly affected by outcome of main suit).

EDF's interest is not founded on the contracts at issue but rather is based on what it regards as enlightened public policy. In this suit, however, it is the contracts and not public policy that are at issue. What is disputed is the question, essentially one of law, as to the legal effect of the contracts and of such assurances and representations as may have been made by the government. EDF would have the District Court construe these contracts not in accordance with the rules of contract law but in the light of what it believes the public policy respecting water use ought to be. EDF's concerns should be addressed to the Executive or Legislative branches. The question before the District Court does not deal with the sort of contracts the United States ought to have made but with the contracts it has actually made.

We hold that EDF has failed to show that it meets the requirement for intervention as of right under Rule 24(a) in that it has no interest in the subject matter of Westlands's contract suit. Moreover, the District Court did not abuse its discretion in denying EDF's application for permissive intervention under Rule 24(b).

The District Court invited EDF to express its views as amicus curiae. We agree that that is the proper role for it to assume.

The order denying intervention is AFFIRMED.