792 F.2d 779
 5 Fed.R.Serv.3d 138, 16 Envtl. L. Rep. 20,908
 The PEOPLE OF the STATE OF CALIFORNIA, ex rel., John VAN DE
KAMP, Attorney General of the State of California,
Plaintiff-Appellee,
v.
The TAHOE REGIONAL PLANNING AGENCY, etc., Defendant-Appellee,
Nathaniel Hellman, Louis W. Bergevin and Robert L. Pruett,
Intervention Applicants/Appellants.
 No. 84-2633.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted March 13, 1986.
Decided June 20, 1986.
 
 Richard Skinner, Deputy Atty. Gen., Sacramento, Cal., for People of State of Cal.
 Louis R. Doescher, Shaw, Heaton, Doescher & Owen, Ltd., Carson City, Nev., for Tahoe Regional Planning Agency.
 George W. Abbott, Minden, Nev., for Hellman, et al.
 Appeal from the United States District Court for the Eastern District of California.
 Before SCHROEDER, CANBY, and BOOCHEVER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Nathaniel Hellman, Louis Bergevin, and Robert Pruett appeal the district court's order denying their motion to intervene in a suit by California against the Tahoe Regional Planning Agency (TRPA).
 
 
 2
 The California Attorney General and the State of California filed the underlying district court suit against TRPA in 1984, challenging TRPA's regional plan for achieving specified environmental goals. TRPA developed the plan pursuant to the California-Nevada Tahoe Regional Planning Compact, Pub.L. No. 96-551, 94 Stat. 3233. The plaintiffs claim that TRPA's regional plan violates that Compact. Their complaint requests a declaration of the invalidity of TRPA's planning actions and an injunction preventing TRPA from approving any further development or construction. See People of California v. Tahoe Regional Planning Agency, 766 F.2d 1308 (9th Cir.1985) (discussing background of this litigation and upholding a preliminary injunction); see also People of California v. Tahoe Regional Planning Agency, 792 F.2d 775 (9th Cir.1986).
 
 
 3
 Hellman, Bergevin, and Pruett seek to intervene in this action. They own property in the Tahoe Basin and in Douglas County, Nevada. Pruett is also the Chairman of the Douglas County Board of Commissioners, and is Douglas County's delegate to TRPA's governing board. Bergevin is a Nevada assemblyman from Douglas County. They seek to intervene to challenge the district court's jurisdiction to hear the suit and to argue that TRPA is no longer legally constituted because its authority to act expired in 1983 when it failed to adopt a timely regional plan.
 
 
 4
 The district court denied the motion to intervene, concluding that the applicants failed to meet the requirements for intervention of right. The court also denied the applicants' motion for permissive intervention because they did not assert a question of law or fact in common with the pending suit. We affirm.
 
 
 5
 We review de novo a district court's denial of intervention as of right. United States v. Stringfellow, 783 F.2d 821, 825 (9th Cir.1986), cert. granted on other grounds, ------ U.S. ------, 106 S.Ct. 2273, 90 L.Ed.2d 717 (1986); see also Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527-29 (9th Cir.1983). Federal Rule of Civil Procedure 24(a)(2) provides:
 
 
 6
 (a) Intervention of right. Upon timely application anyone shall be permitted to intervene in an action: ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 7
 This circuit applies a four-part test to evaluate claims for intervention as of right under Rule 24(a)(2). First, the applicant's motion must be timely; second, the applicant must assert an interest relating to the property or transaction which is the subject of the action; third, the applicant must be so situated that without intervention the disposition of the action may, as a practical matter, impair or impede his ability to protect that interest; and fourth, the applicant's interest must be inadequately represented by the other parties. Stringfellow, 783 F.2d at 826; Sagebrush Rebellion, 713 F.2d at 527; Wade v. Goldschmidt, 673 F.2d 182, 185 (7th Cir.1982). Because we conclude that the applicants cannot satisfy the second element, which requires an interest relating to the subject of the action, we do not reach the remaining elements of the test.
 
 
 8
 Hellman, Bergevin, and Pruett are property owners who allege at most incidental, rather than direct effects upon their land as a result of the Plan. They allege no projected use of their land which might be impeded by the Plan. We hold that their interest is insufficient to compel their intervention under Rule 24(a)(2).
 
 
 9
 We rejected a claim for intervention under similar circumstances in Westlands Water District v. United States, 700 F.2d 561 (9th Cir.1983). In Westlands, we held that the Environmental Defense Fund's interest in water quality did not entitle it to intervene in an action brought by a local water district against the United States concerning contracts between the parties respecting the delivery of the water. We observed that to the extent the Fund had an interest in water exportation, it was a general interest in water distribution shared by a substantial portion of the population of Northern California, rather than an interest in the water contracts under dispute in the subject litigation. They accordingly had no right to intervene. Id. at 563. See also Wade v. Goldschmidt, 673 F.2d 182, 185 (7th Cir.1982) (Insufficient interest to intervene where none of the actions or statutes at issue involved the applicants for intervention).
 
 
 10
 Bergevin and Pruett's status as elected officials is also insufficient to support their application for intervention. See Blake v. Pallan, 554 F.2d 947, 953 (9th Cir.1977) (holding that the federal court's interpretation of state law creates an insufficient interest to allow a state official to intervene). Bergevin and Pruett have alleged no interest in intervening as public officials, other than their general desire to ascertain the legal status of TRPA. They have not shown that any decision in this action "will directly affect [their] own duties and powers under the state laws." Blake, 554 F.2d at 953.
 
 
 11
 The applicants also seek intervention under Rule 24(b)(2), which provides for permissive intervention:
 
 
 12
 (b) Permissive intervention. Upon timely application anyone may be permitted to intervene in an action: ... (2) When an applicant's claim or defense and the main action have a question of law or fact in common.... In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.
 
 
 13
 We review the district court's denial of the motion for permissive intervention to determine whether the district court abused its discretion. Hawaii Pacific Venture Capital Corp. v. Rothbard, 564 F.2d 1343, 1346 (9th Cir.1977). The district court did not abuse its discretion in concluding that the applicants did not assert a common question of law or fact. The legal and factual issues they raised were foreign to those presented in the action.
 
 
 14
 Affirmed.