## AMERICAN MARITIME TRANSPORT, INC.

v.

## The UNITED STATES.

### No. 41–88C.

United States Claims Court.

June 22, 1988.

George J. Mannina, Jr., Washington, D.C., for plaintiff.

Genevieve Holm, Washington, D.C., with whom was Asst. Atty. Gen. John R. Bolton, for defendant. Jean K. Orenstein, Dept. of Transp., of counsel.

Michael Joseph, Washington, D.C., for Aeron Marine Shipping Co., American Shipping, Inc., and Archon Marine Co., applicants for intervention.

## ORDER

MARGOLIS, Judge.

Aeron Marine Shipping Company, American Shipping, Inc., and Archon Marine Company (applicants) have filed a motion for leave to intervene as defendants and to file an answer in this contracts case. The plaintiff, American Maritime Transport, Inc., and the defendant both oppose this motion.

Plaintiff in this case seeks payment of an operating-differential subsidy (ODS) for the ocean transportation of U.S.-financed grain cargoes from the United States to Israel. A side agreement issued in connection with the U.S. financing provides that Israel would ship fifty percent of the grain cargoes on U.S.-flag vessels. Whether plaintiff is entitled to an ODS turns on the interpretation of plaintiff's ODS contract with the United States Maritime Administration (MarAd). Specifically, plaintiff claims it is entitled to an ODS if the grain cargoes being carried to Israel by plaintiff's vessels are commercial cargoes not subject to U.S. grain preference statutes. MarAd determined that plaintiff is not eligible for an ODS in these circumstances. MarAd concluded that, while the cargoes are not subject to U.S. cargo preference statutes, the cargoes cannot be considered "commercial" cargoes because they are re-

served for U.S.-flag vessels under the side agreement and thus are carried at a premium rate above world rates. Plaintiff appeals this ruling.

Applicants in this case operate U.S.-flag cargo vessels that are eligible to carry cargoes reserved for U.S.-flag vessels. However, two of the applicants' three vessels are not parties to ODS contracts and thus are not entitled to receive an ODS in the event applicants carried eligible cargo. Applicants argue that if plaintiff prevails and receives an ODS from the defendant, applicants will be in a disadvantaged position to compete for future unspecified contracts.

Applicants claim that they are entitled to intervention both as of right and under the permissive discretion of this court. Claims Court Rule 24(a) (RUSCC 24(a)) allows intervention as of right when, upon timely application:

> [T]he applicant claims [1] an interest relating to the property or transaction which is the subject of the action and [2] he is so situated that the disposition of the action may as a practical matter impair or impede his ability to protect that interest, [3] unless the applicant's interest is adequately represented by existing parties.

Thus, to intervene as of right, upon timely application, the applicants must satisfy all three components of RUSCC 24(a). Applicants, however, do not claim an interest relating to the property or transaction that is the subject of this action. In this case, the subject of the action involves the interpretation of a contract between the plaintiff and the defendant. While applicants unsuccessfully competed for this contract, applicants are not parties to the contract in question. In fact, applicants' only interest in this case is in the potentially damaging legal precedent that would result if the plaintiff prevails on the merits. Applicants claim that they will be damaged by increased competition if plaintiff prevails.

In *New Orleans Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452 (5th Cir.1984), the U.S. Court of Appeals for the Fifth Circuit, in interpreting Rule 24(a) of the Federal Rules of Civil Procedure, which is substantially identical to RUSCC 24(a), discussed the kind of interest an applicant for intervention must have to intervene in a suit. The court stated that to intervene as of right the applicant must have a " 'direct, substantial, legally protectable interest in the proceedings.' " *Id.* at 463 (quoting *Diaz v. Southern Drilling Corp.*, 427 F.2d 1118, 1124 (5th Cir.), *cert. denied sub nom. Trefina A.G. v. United States*, 400 U.S. 878, 91 S.Ct. 118, 27 L.Ed. 2d 115 (1970)). A suit involving rights under a contract to which the applicant is not a party does not constitute a legally protectable interest that can support intervention. *Westlands Water District v. United States*, 700 F.2d 561, 563 (9th Cir.1983).

Applicants have alleged nothing more than an indirect and contingent economic interest in this suit based upon the possibility of increased competition. Such an attenuated interest is insufficient to intervene as of right. In *Rosebud Coal Sales v. Andrus*, 644 F.2d 849, 850–51 (10th Cir. 1981), the U.S. Court of Appeals for the Tenth Circuit held that the applicant, a coal company, could not intervene as of right in a contract dispute between another coal company and the Department of the Interior over the raising of lease royalty rates despite the fact that the applicant's own lease would be directly affected by the outcome of the suit. Similarly, applicants in this case fail to satisfy the primary requirement to intervene.

Furthermore, to the extent that the applicants have an interest in the outcome of this suit, they produce little, if any, evidence that their interests are inadequately represented. While this court recognizes that the requirements of RUSCC 24(a) are to be construed in favor of the applicants for intervention, *Westlands Water District*, 700 F.2d at 563, as the Court of Claims stated in *Deltona Corp. v. United States*, No. 370–76, slip op. (Ct.Cl. May 30, 1980), "we are reluctant to entertain a presumption other than that the United States, through the Department of Justice, adequately represents the interests of the United States, which in this suit are aligned with the interest applicants assert." Slip

op. at 3–4. In this case, applicants argue that they may make a more vigorous presentation of the economic side of the argument. But it is this court's experience that the Department of Justice guards the nation's purse with an almost unyielding determination. After all, in this case it will be the United States that will have to pay the ODS if plaintiff prevails, not the applicants.

Because the applicants do not possess a direct, substantial, and legally protectable interest in the contract in question, and because the United States adequately represents the interests applicants may have in this case, the applicants do not satisfy the requirements of RUSCC 24(a) to intervene as of right.

Further, for the reasons discussed above, the court does not believe that permissive intervention is appropriate in these circumstances. If the court granted applicants' motion, it would open the door for all shipping companies who compete with plaintiff, or whose interests coincide with plaintiff, to intervene in this suit. Accordingly, it is

ORDERED, upon consideration of the parties' submissions and after hearing oral argument, that the applicants' motion for intervention is denied.