UNITED STATES of America and The State of Washington, Plaintiffs,

v.

The WESTERN PROCESSING COMPANY, INC., et al.; The Boeing Company, et al., Defendants.

The BOEING COMPANY, Third–Party Plaintiff,

v.

A & A ANDERSON TANK SERVICE, LTD., et al., Third–Party and Cross–Claim Defendants.

AMERICAN TAR COMPANY, et al., Third–Party Plaintiffs,

v.

A & A ANDERSON TANK SERVICE, LTD., et al., Third–Party and Cross–Claim Defendants.

Jack and Leah PINCHEV, Third–Party Defendants and Third–Party Plaintiffs,

v.

UNITED STATES of America, and STATE of Washington, Third–Party Defendants.

Nos. C89–214M, C83–252M and C89–224M.

United States District Court, W.D. Washington, at Seattle.

Oct. 10, 1990.

See also 751 F.Supp. 902.

David Utevsky and Cynthia R. First, Foster Pepper & Shefelman, Seattle, Wash., for Hearst Corp. intervenor.

## ORDER DENYING HEARST'S MOTION TO INTERVENE

McGOVERN, District Judge.

Hearst Corporation seeks to intervene in the above cause of action so that it may argue against a motion for a protective order pending before the Special Master. The granting of the protective order would prevent litigants from talking about certain aspects of the action and also prevent the Press and the public from seeing certain deposition transcripts and related materials.

Hearst argues that it may intervene as a matter of right, or alternatively, that permissive intervention is appropriate. Hearst has not demonstrated any basis upon which intervention should be granted.

### a. *Intervention as a Matter of Right*

■ An applicant may intervene as a matter of right under Fed.R.Civ.P. 24(a)(2) if it demonstrates: (1) that the applicant's motion is timely, (2) that the applicant asserts an interest relating to the property or transaction which is the subject of the action, (3) that the applicant's ability to protect his interest could be impaired by disposition of the action; and (4) that representation by existing parties of the applicant's interest is inadequate. *California ex rel. Van De Kamp v. Tahoe Regional Planning Agency,* 792 F.2d 779, 781 (9th Cir. 1986). Failure of proof of one element of the four-part test is fatal to an intervention of right claim. *Id.* Hearst has failed to satisfy the four-part test.

■ This action is a cost-recovery lawsuit under CERCLA in which Boeing and other parties seek contribution from other liable parties in accordance with a proper allocation plan or formula. Hearst neither claims to be one of the parties seeking contribution nor one of the parties who should be contributing to the clean-up of

the Western Processing site. Cost allocation and contribution are the subjects of this action, and Hearst does not have an interest herein. While Hearst may like to look at certain materials that may be of interest to it in pursuing public health issues, that interest does not require that Hearst be made a party to this cause of action.

As it is irrelevant to the issue of intervention, it is unnecessary for the Court to address the issue of whether a general right of public access to discovery materials produced in civil litigation exists or is even desirable given current discovery procedures. Owing to the broad nature of discovery available to litigants, much is produced that would not be admissible at trial owing to, for example, hearsay or other reliability infirmities. ·Giving carte blanche public access to discovery materials in civil litigation would at a minimum demonstrate a profound lack of circumspection and at worst could be highly injurious to one or more litigants. The cited comments of Professor Arthur R. Miller before the Subcommittee on Courts of the Senate Judiciary Committee, May 17, 1990, are instructive on this point of view.

It is also unnecessary for the Court to determine whether the Pinchevs' interest concerning the protective order before the Special Master is coextensive with that of Hearst. Hearst does not have an interest in the contribution and allocation actions; thus, the comparative interests of the Pinchevs' and Hearst is irrelevant.

### b. *Permissive Intervention*

█ In the Court's discretion, under Fed. R.Civ.P. 24(b), an applicant may be permitted to intervene if the applicant's claim or defense and the main action have a question of law or fact in common. Hearst does not have a claim or defense that is related to the main action. Hearst merely asserts a position on the question of whether the Special Master should grant a protective order. This issue is merely a tangential element of the discovery process and is not itself an issue related to the

claims and defenses in the main contribution/allocation action.

NOW, THEREFORE, in accordance with the foregoing discussion, Hearst Corporation's Motion to Intervene is DENIED.