951 F.2d 361
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
John MURPHY, Plaintiff-Appellee,
and
Arlington Ray Robbins, Intervenor-Appellant,
v.
Brian BILBRAY, in his official capacity as member of San
Diego County Board of Supervisors, et al.,
Defendants-Appellees.
 No. 91-55316.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 5, 1991.
Decided Dec. 20, 1991.
 
 1
 Before SCHROEDER and KOZINSKI, Circuit Judges, and McKIBBEN,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 Appellant Arlington Ray Robbins appeals from the district court's denial of his application for both intervention as of right and permissive intervention under Rule 24, Federal Rules of Civil Procedure. The appellant sought to intervene as a private citizen in an action brought by John Murphy, a San Diego resident, to compel San Diego County to remove a thirty-six foot memorial cross from a county park located atop Mt. Helix.
 
 
 4
 To intervene as of right under Rule 24(a) an applicant must assert an interest related to the property or transaction which is the subject of the action. People of the State of California v. Tahoe Regional Planning, 792 F.2d 779, 781 (9th Cir.1986); Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.1983). In this case, the appellant has no property or other financial interest in the subject matter of the litigation. The existence of the cross provides him with religious and aesthetic satisfactions. His interest is neither greater than, nor differentiated from, the general interest in maintenance of the park shared by a substantial portion of the population of San Diego County. It is not the sort of interest which supports an application for intervention as of right under Rule 24(a), and we have repeatedly so held in analogous cases. See Tahoe Regional Planning, 792 F.2d at 781 (local landowners asserting incidental rather than direct effects upon their land, denied intervention in lawsuit filed by State against regional planning agency); Westlands Water District v. United States, 700 F.2d 561 (9th Cir.1983) (environmental group's interest in water quality insufficient to permit intervention in suit involving water delivery contracts brought by local water district against the United States).
 
 
 5
 The district court did not abuse its discretion in denying permissive intervention pursuant to Rule 24(b)(2). Appellant had no cognizable claim or defense in common with the main action as required by the Rule. The district court appropriately permitted the appellant to appear amicus curiae and considered the matters which he urged.
 
 
 6
 AFFIRMED.
 
 
 
 *
 Honorable Howard D. McKibben, United States District Judge for the District of Nevada, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Circuit Rule 36-3