68 F.3d 481
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robin SILVER, Dr., individual; Forest Guardians, a
non-profit corporation; Southwest Center for Biological
Diversity, a non-profit corporation; Greater Gila
Biodiversity Project; Southern Utah Wilderness Alliance, a
non-profit corporation; Biodiversity Legal Foundation, a
non-profit corporation Carson Forest Watch, a non-profit
corporation; Forest Conservation Council, a non-profit
corporation; Maricopa Audubon Society, a non-profit
corporation; Huachuca Audubon Society, a non-profit
corporation; Mesilla Valley Audubon Society, a non-profit
corporation; Sangre de Cristo Audubon Society, a non-profit
corporation, Plaintiffs-Appellees,
v.
Bruce BABBITT, in his official capacity as Secretary of the
Interior; Mollie Beattie, in her official capacity as
Director of the United States Fish and Wildlife Service;
Jack Ward Thomas, in his official capacity as Chief of the
United States Forest Service; United States Forest Service;
ADA Deer, in her official capacity as Assistant Secretary
of the Interior for Indian Affairs; Bureau of Indian
Affairs, Defendants,
State of Arizona, ex rel. M.J. Hassell Commissioner, Arizona
State Land Department; Apache County, a political
subdivision of the State of Arizona; and White Sands Forest
Products, Inc., a New Mexico Corporation, Applicants in
intervention, Appellants.
 No. 95-15401.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Aug. 14, 1995.
Decided Oct. 10, 1995.
 
 1
 Before: T.G. NELSON, D.W. NELSON, Circuit Judges and KING,* District Judge.
 
 
 2
 MEMORANDUM**
 
 
 3
 The State of Arizona, Apache County, and White Sands Forest Products, Inc. appeal the district court's denial of their motions to intervene under Fed.R.Civ. P. 24. The action in which they seek to intervene was brought by environmental organizations including the Dr. Robin Silver (collectively "Silver") alleging that the United States Forest Service ("USFS" or "Forest Service") and the Bureau of Indian Affairs ("BIA") was violating the Endangered Species Act ("EPA") 16 U.S.C. Secs. 1531 et seq. by failing to consult with the Fish & Wildlife Service regarding ongoing Land and Resources Management Plans ("LRMPs") and failing to obtain an "incidental take permit" from Fish & Wildlife Service before carrying out timber, range, oil and gas, mining and road projects that may adversely affect the Mexican Spotted Owl. Appellants moved to intervene either as of right or permissively under Fed.R.Civ. P. 24. The district court denied appellants' motions but instead granted them amicus status.
 
 
 4
 We have jurisdiction pursuant to 28 U.S.C. Sec. 1291.[1] We affirm.
 
 I.
 
 5
 The parties are familiar with the facts and procedural history of this case; we need not recite them here.
 
 II.
 
 6
 The district court's ruling on a motion of intervention as of right is reviewed de novo, but the question of timeliness of the motion is reviewed for an abuse of discretion. Idaho Farm Bureau Fed'n v. Babbitt, 58 F.3d 1392, 1397 (9th Cir.1995); Sierra Club v. United States EPA, 995 F.2d 1478, 1481 (9th Cir.1993).
 
 
 7
 To intervene as of right under Fed.R.Civ. P. 24(a) the applicant must claim an interest the protection of which may, as a practical matter, be impaired or impeded if the lawsuit proceeds without him.[2] This court applies a four-part test under this rule: (1) the motion must be timely; (2) the applicant must claim a significantly protectable interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action. Sierra Club, 995 F.2d at 1481 (citation omitted). This court interprets the rule broadly in favor of intervention. Id. The timeliness of appellants' intervention motions was undisputed below, and is not at issue in this appeal.
 
 
 8
 The district court held that appellants had not asserted a legally protectable interest that relates to the subject of this action. "Whether an applicant for intervention demonstrates sufficient interest in an action is a practical, threshold inquiry. No specific legal or equitable interest need be established." Greene v. United States, 996 F.2d 973, 976 (9th Cir.1993) (citing Portland Audubon Soc'y v. Hodel, 866 F.2d 302 (9th Cir.), cert. denied, 492 U.S. 911 (1989)). Nevertheless, the movant must demonstrate a "significantly protectable interest." Id.
 
 
 9
 An applicant in intervention may have a significantly protectable interest, for purposes of intervention under Fed.R.Civ. P. 24(a)(2), if "the injunctive relief sought by plaintiffs will have direct, immediate, and harmful effects upon [the applicant's] legally protectable interests." Forest Conservation Council v. United States Forest Service, No. 95-15341, slip op. 12119, 12131 (9th Cir.Sept. 25, 1995) (emphasis added). In so holding, we recognized that the "interest" test of Rule 24 is related to the "practical impairment" test of that rule, see National Resources Defense Council v. Costle, 561 F.2d 904, 908-11 (D.C.Cir.1977); if an applicant intervenor's legal rights may be adequately protected in a future lawsuit to compensate for damages sustained as a result of a court's injunction, intervention may properly be denied. See Green, 996 F.2d at 977-78; Blake v. Pallan, 554 F.2d 947, 954 (9th Cir.1977) (holding that "mere inconvenience" from having to file a separate lawsuit is not sufficient impairment to justify intervention as of right). Here, unlike the situation in Forest Conservation Council, the requested injunction, if granted, will not be of indefinite duration. See 16 U.S.C. Sec. 1536(b)(1)(A) (requiring, with exceptions, that consultation be completed within ninety days). At oral argument, appellants acknowledged that the federal defendants had already begun formal consultations with the Fish and Wildlife Service.[3] Thus, the interim injunctive relief in this case, if granted, is not likely to impose direct, substantial burdens on appellants' asserted interests. See State of California v. Tahoe Regional Planning Agency, 792 F.2d 779, 781 (9th Cir.1986) (per curiam) (denying intervention to landowners whose property values were allegedly affected by a regional plan because these were "at most incidental, rather than direct effects upon their land"). Because we hold that appellants have not presented significantly protectable interests that relate to the injunctive relief portion of this action, we affirm the district court's ruling denying their motions to intervene as of right. See Portland Audubon, 866 F.2d at 308 (stating that "the 'interest test' is basically a threshold one;" if it is not satisfied, the court need not address the remaining prongs of Rule 24(a)(2)) (quoting County of Fresno v. Andrus, 622 F.2d 436, 438 (9th Cir.1980)); Janicki Logging Co. v Mateer, 42 F.3d 561, 564 (9th Cir.1994) (stating that this court may affirm a district court ruling on any ground supported by the record).
 
 III.
 
 10
 Whether the legal requirements for permissive intervention under Fed.R.Civ. P. 24(b)(2) have been met is a question of law reviewed de novo; however, a district court's discretionary decision whether to allow intervention is reviewed for an abuse of discretion. Employee Staffing Services, Inc. v. Aubry, 20 F.3d 1038, 1042 (9th Cir.1994) (citing Beckman Indus. v. International Ins. Co., 966 F.2d 470, 472 (9th Cir.), cert. denied, 113 S.Ct.197 (1992)). Permissive intervention to litigate a claim on the merits under Rule 24(b) requires (1) an independent ground for jurisdiction; (2) a timely motion; and (3) a common question of law and fact between the movant's claim or defense and the main action. Beckman Indus., 966 F.2d at 473; Fed.R.Civ. P. 24(b). The timeliness of appellants' motions is not disputed.
 
 
 11
 The district court denied appellants' motion to intervene permissively in Silver v. Babbitt because it found that the appellants did not state any defenses or claims that share common fact or law questions with "the main action." As in the case of Silver v. Thomas, the court found that "the main action" does not include the propriety and scope of the injunctive relief sought, and, therefore, appellants' claims or defenses do not present common questions of law or fact. Spangler v. Pasadena City Bd. of Educ., 552 F.2d 1326, 1329 (9th Cir.1977). This finding was not an abuse of discretion. State of California v. Tahoe Regional Planning Agency, 792 F.2d 779, 782 (9th Cir.1986) (per curiam) (reviewing trial court's ruling that there were no common questions of law or fact for an abuse of discretion). Moreover, the court's decision to allow appellants to participate in this action as amicus curiae supports our finding that the denial of appellants' motion to intervene permissively was not an abuse of discretion. See Shelter Framing Corp. v. Pension Benefit Guar. Corp., 705 F.2d 1502, 1508 (9th Cir.1983) (taking into consideration district court's grant of amicus status in finding no abuse of discretion in denial of intervention motion as untimely), rev'd in part on other grounds, 467 U.S. 717 (1984); accord Harris v. Pernsley, 820 F.2d 592, 603 (3d Cir.) (finding amicus status was sufficient to allow party denied permissive intervention to comment on scope of proposed settlement agreement), cert. denied, 484 U.S. 947 (1987).
 
 CONCLUSION
 
 12
 For the reasons stated above, the judgment of the district court, denying appellants' motions to intervene is
 
 
 13
 AFFIRMED.
 
 
 
 *
 The Honorable Samuel P. King, Senior United States District Judge for the District of Hawaii, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir.R. 36-3
 
 
 [1]
 Denial of a motion to intervene as of right under Rule 24(a)(2) is appealable as a final order within the meaning of 28 U.S.C. Sec. 1291. Sagebrush Rebellion, Inc. v. Watt, 713 F.2d 525, 527 (9th Cir.1983)
 
 
 [2]
 Rule 24(a) reads
 Upon timely application anyone shall be permitted to intervene in an action ... (2) when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.
 
 
 [3]
 By the terms of the relief requested in Silver v. Babbitt, an injunction is no longer available in that case. See ER1-9 at 15 p 3; 60 Fed.Reg. 22, 914 (June 6, 1995) (Final Rule for the Determination of Critical Habitat for the Mexican Spotted Owl) (effective July 6, 1995)