NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition
is not citable as precedent. It is a public record.

# United States Court of Appeals for the Federal Circuit

04-5066

JOHN R. SAND & GRAVEL COMPANY,

Plaintiff-Appellee,

v.

BRUNSWICK CORPORATION, DAIMLER CHRYSLER CORPORATION,
FOAMSEAL, INC., FORD MOTOR COMPANY, GENERAL MOTORS CORPORATION,
THE GLIDDEN COMPANY d/b/a ICI PAINTS,
JOHNSON CONTROLS, INC./UNIVERSAL DIE CAST,
LAPEER METAL PRODUCTS COMPANY, MERCURY PAINT COMPANY,
REICHHOLD, INC., SEIBERT-OXIDERMO, INC. n/k/a S.O. REALTY, INC.,
and UNITED TECHNOLOGIES CORPORATION FOR INMONT CORPORATION
n/k/a BASF CORPORATION,

Movants-Appellants,

v.

UNITED STATES,

Defendant.

_____

DECIDED: July 22, 2005

_____

Before NEWMAN, LOURIE, and BRYSON, Circuit Judges.

NEWMAN, Circuit Judge.

The movants-appellants (collectively the "Metamora Group") have moved to

intervene in an action brought by John R. Sand & Gravel Company ("S&G") against the

United States for compensation for a taking that allegedly resulted from acts of members of

the Metamora Group. The Court of Federal Claims denied the motion to intervene, on the ground that it was untimely filed.[1] We <u>affirm</u> the denial.

OPINION

The Metamora Group is comprised of manufacturing industries that had contributed waste to a landfill in Metamora Township, Michigan. The landfill was leased to and operated by S&G. By Consent Decree following suit by the United States Environmental Protection Agency, reported at <u>United States v. BASF-Inmont Corp.</u>, 819 F. Supp. 601 (E.D. Mich. 1993), the Metamora Group agreed to clean up the landfill and to hold the United States harmless from any claims arising from the cleanup. Various disputes involving S&G arose, and on May 21, 2002 S&G filed suit against the United States in the Court of Federal Claims. The United States notified the Metamora Group, stating that any judgment against the United States would be passed on to the Metamora Group in accordance with the Consent Decree. The United States duly answered the complaint, filed reports in accordance with the Rules and orders of the Court of Federal Claims, entered a scheduling order, and filed a motion for summary judgment on December 13, 2002, arguing that the relevant statute of limitations had expired. The court set June 6, 2003 as the deadline for the filing of dispositive motions, and set a trial date of March 23, 2004.

The Court of Federal Claims denied the government's motion for summary judgment in substantial part on June 27, 2003. Proceedings were then stayed to October 17, 2003,

---

1      <u>John R. Sand & Gravel Co. v. United States</u>, 59 Fed. Cl. 645 (2003).

for settlement negotiations in which S&G, the United States, and the Metamora Group participated. No settlement was achieved, and the stay was lifted on October 22, 2003. On October 24, 2003 the Metamora Group filed a motion to intervene as party defendants (the motion was refiled on November 7, 2003). S&G opposed, stating that it would be prejudiced by this tardy intervention. The Court of Federal Claims denied the motion, ruling that the motion was not timely, and that the Metamora Group did not meet the requirements for intervention either as of right or permissively.

Rule 24 of the Court of Federal Claims requires that application for either intervention of right (Rule 24(a)) or permissive intervention (Rule 24(b)) must be timely filed:

> RCFC 24(a). Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action . . . when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

> RCFC 24(b). Permissive Intervention. Upon timely application anyone may be permitted to intervene in an action...when an applicant's claim or defense and the main action have a question of law or fact in common. In exercising its discretion the court shall consider whether the intervention will unduly delay or prejudice the adjudication of the rights of the original parties.

Timeliness in requesting intervention is "to be determined by the court in the exercise of its sound discretion." NAACP v. New York, 413 U.S. 345, 366 (1973) (interpreting Fed. R. Civ. P. 24); see Amer. Mar. Transp., Inc. v. United States, 870 F.2d 1559, 1560 & n.4 (Fed. Cir. 1989) (relying on cases interpreting Fed. R. Civ. P. 24(a) to interpret RCFC 24(a)). The Court of Federal Claims evaluated the timeliness of the Metamora Group's motion on three factors drawn from precedent:

04-5066                                        3

(1) the length of time during which the would-be intervenors actually knew or reasonably should have known of [their] rights . . . ;

(2) whether the prejudice to the rights of existing parties by allowing intervention outweighs the prejudice to the would-be intervenors by denying intervention;

(3) existence of unusual circumstances militating either for or against a determination that the application is timely.

Belton Indus. v. United States, 6 F.3d 756, 762 (Fed. Cir. 1993) (quoting Sumitomo Metal Indus. v. Babcock & Wilcox Co., 669 F.2d 703, 707 (CCPA 1982)). The Metamora Group states that it delayed requesting formal intervention in the belief that the case was likely to be resolved without coming to trial, either based on the statute of limitations, or by the settlement discussions in which the Group participated. The Group states that its delay conserved the resources of all concerned, including judicial resources, and was reasonable under the circumstances.

The Court of Federal Claims reasoned that the Metamora Group was fully informed of the compressed trial schedule set by the court, yet waited sixteen months after receiving notice of the suit, before moving to intervene. By then the deadline for filing dispositive motions had passed, the court had received and decided a summary judgment motion, the parties had engaged in settlement negotiations, a scheduling order had issued, some discovery had been taken, and only five months remained before trial. The court ruled that the case had proceeded well beyond a preliminary stage, and that the request for intervention was untimely. While we recognize the substantial interest of the Metamora Group in this litigation, we conclude that the trial court's denial of intervention, for the reasons given by the court, was within the permissible scope of the court's discretion. See NAACP, 413 U.S. at 366.

This affirmance is without prejudice to the application of the Metamora Group to participate as *amicus curiae* in any appeal to this court of the decision on the merits in Appeal No. 05-5033.

No costs.