# United States Court of Federal Claims

No. 16-1118C
(Filed: September 22, 2016)
Reissued: September 27, 2016[1]

|  |  |
|---|---|
| NEVADA SITE SCIENCE SUPPORT AND TECHNOLOGIES CORPORATION, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| THE UNITED STATES, | ) ) ) |
| Defendant. | ) |

**ORDER**

On September 9, 2016, Nevada Site Science Support and Technologies Corporation ("NVS3T") filed a bid protest, alleging that the Department of Energy's decision to rescind a contract awarded to NVS3T was arbitrary and capricious. On September 16, 2016, Mission Support & Test Services, LLC filed a Motion to Intervene in this case. On September 19, 2016, Nuclear Security & Technology, LLC also filed a motion to intervene in this case. A Telephonic Status Conference was held on September 20, 2016, to determine whether or not those motions should be granted. After hearing the arguments from the would-be intervenors, as well as those of the plaintiff and defendant, the Court must deny the motions to intervene.

Rule 24 of the Rules of the Court of Federal Claims ("RCFC") deals with intervention. Rule 24(a) states, in relevant part, that a party may intervene as a matter of right when said party

> claims an interest relating to the property or transaction *that is the subject of the action,* and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, *unless existing parties adequately represent that interest*.

[1] An unredacted version of this opinion was issued under seal on September 22, 2016. The parties were given an opportunity to propose redactions, but no such proposals were made. On September 26, 2016, the parties indicated in a joint status report that this order "requires no redactions prior to its release." Joint Status Report, ECF No. 29.

RCFC 24(a)(2) (emphasis added). The subject of this dispute is whether the government arbitrarily and capriciously rescinded a multi-billion dollar contract award to NVS3T based on ownership issues involving the plaintiff. It seems clear to the Court that the potential intervenors have no real interest in this dispute, as "interest" is legally understood. The potential intervenors would certainly have an interest in getting a contract of which they are legally qualified, and, if the plaintiff loses the protest, one of the potential intervenors may receive the subsequent award. However, the simple fact that a party might benefit from another's legal misfortune does not lead to an understanding that said party should have a role in occurrence of that legal misfortune. If a singer suffers a voice injury and is, as result, fired from her job, it is hardly conceivable to believe that a Court would allow a rival singer to intervene in that case on the side of the employer simply because he might subsequently get the newly vacant job!

RCFC 24(b) addresses permissive intervention. That Rule states, in relevant part that a party may be permitted to intervene when that party "has a claim or defense that shares with the main action a common question of law or fact." RCFC 24(b)(2). At the core of permissive intervention is the notion that a common question of law or fact would aid the litigation by allowing all of the parties with a common set of positions to contribute to that litigation. In this case there is no common question of law or fact between NVS3T and the government on one side and the potential intervenors on the other side. This legal issue involves only the plaintiff and the government. The fact that the potential intervenors might benefit from the protester's legal misfortune is hardly grounds for permissive intervention. Furthermore, the government is capable of adequately representing the position that NVS3T may not have been legally qualified for the contract and that the rescission was neither arbitrary nor capricious.

It is therefore clear that the Motions to Intervene must be denied.[2]

**IT IS SO ORDERED.**

s/ *Loren A. Smith*

Loren A. Smith,
Senior Judge

---

[2] This opinion shall be unsealed, as issued, after October 6, 2016, unless the parties identify protected and/or privileged materials subject to redaction prior to that date. Said materials shall be identified with specificity, both in terms of the language to be redacted and the reasons therefor.