# In the United States Court of Federal Claims

No. 24-2035C
(Filed: January 8, 2025)
**FOR PUBLICATION**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| RED RIVER SCIENCE & TECHNOLOGY, LLC, | \* |
| | \* |
| | \* |
| Plaintiff, | \* |
| | \* |
| v. | \* |
| | \* |
| THE UNITED STATES, | \* |
| | \* |
| Defendant, | \* |
| | \* |
| and | \* |
| | \* |
| GEMINI TECH SERVICES LLC, | \* |
| | \* |
| Defendant-Intervenor, | \* |
| | \* |
| and | \* |
| | \* |
| VANQUISH WORLDWIDE, LLC, | \* |
| | \* |
| Defendant-Intervenor. | \* |
| | \* |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

*Jackson W. Moore*, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., Raleigh, N.C., for Plaintiff. With him on the brief was *Amelia L. Serrat*, Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., Raleigh, N.C.

*Evan Wisser*, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C., for Defendant. With him on briefs are *Brian M. Boynton*, Principal Deputy Assistant Attorney General, *Patricia M. McCarthy*, Director, and *Corinne A. Niosi*, Assistant Director, Commercial Litigation Branch, Civil Division, Department of Justice, Washington, D.C.

*Matthew T. Schoonover*, Schoonover & Moriarty LLC, Olathe, KS, for Defendant-Intervenor Gemini Tech Services LLC.

*Michael D. Maloney*, Williams Mullen, Tysons, VA, for Defendant-Intervenor Vanquish Worldwide, LLC. With him on briefs is *Anthony H. Anikeeff*, Williams Mullen, Tysons, VA.

**OPINION AND ORDER**

In this pre-award bid protest, Red River Science & Technology, LLC ("Red River") argues that the Army erred when it reopened discussions with other offerors after announcing Red River as the apparent awardee. *See* Compl. (ECF 1) (under seal); *see also* Gov't Accountability Off. Decision (ECF 14-1). Those other offerors, Gemini Tech Services LLC ("Gemini") and Vanquish Worldwide, LLC ("Vanquish"), have moved to intervene. *See* Gemini Am. Mot. (ECF 11); Vanquish Mot. (ECF 14).[1] The government has not opposed, but Red River has. *See* Gov't Consol. Resp. (ECF 15) (opposing intervention as of right but not permissive intervention); Red River Opp'n (ECF 16); *see also* Gemini Reply (ECF 17); Vanquish Reply (ECF 18). I do not conclude that Gemini and Vanquish may intervene as of right, *see* RCFC 24(a), but I exercise my discretion to grant permissive intervention, *see* RCFC 24(b). The motions are therefore **GRANTED**.

This Court's Rules provide that the Court must grant a timely motion for intervention as of right when the proposed intervenor:

> claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

RCFC 24(a)(2). The Federal Circuit has broken that test into four elements:

> First, the motion must be timely. Second, the movant must claim some interest in the property affected by the case. This interest must be "legally protectable"—merely economic interests will not suffice. Third, that interest's relationship to the litigation must be "of such a *direct* and *immediate* character that the intervenor will either gain or lose by the *direct* legal operation and effect of the judgment." Fourth, … the movant must demonstrate that said interest is not adequately addressed by the government's participation.

*Wolfsen Land & Cattle Co. v. Pac. Coast Fed'n of Fishermen's Ass'ns*, 695 F.3d 1310, 1315 (Fed. Cir. 2012) (quoting *Am. Mar. Transp., Inc. v. United States*, 870 F.2d 1559, 1560–62 (Fed. Cir. 1989)) (citations omitted). "These requirements are construed in favor of intervention." *Id.* (quoting *Am. Mar. Transp.*, 870 F.2d at 1561).

---

[1] A motion to intervene must "be accompanied by a pleading that sets out the claim or defense for which intervention is sought." RCFC 24(c). No such pleading accompanies Gemini's or Vanquish's motions, but Red River has not objected to the omission. *See* Red River Opp'n. This Court has sometimes considered a pleading unnecessary in bid protest interventions, *Mitchco Int'l, Inc. v. United States*, 149 Fed. Cl. 683, 685 n.2 (2020), and I do so here.

Two of those elements are straightforward. As to the first element, there is no dispute that Gemini's and Vanquish's motions are timely. Gemini filed within a week of Red River's Complaint, *see* Gemini Mot. (ECF 9); Gemini Am. Mot., and Vanquish within the time set by this Court, *see* Order (ECF 12); Vanquish Mot. As to the fourth element, differences between the interests of the government and its potential contractors are all but inevitable, so this Court generally finds that the government cannot adequately represent the interests of intervenors in bid protests. *Superior Optical Labs, Inc. v. United States*, 171 Fed. Cl. 50, 54 (2024); *Air Borealis Ltd. P'ship v. United States*, 162 Fed. Cl. 778, 782 (2022); *Mitchco Int'l, Inc. v. United States*, 149 Fed. Cl. 683, 685 (2020); *Winston-Salem Indus. for the Blind, Inc. v. United States*, 144 Fed. Cl. 644, 645 (2019); *Northrop Grumman Info. Tech., Inc. v. United States*, 74 Fed. Cl. 407, 418 (2006); *CHE Consulting, Inc. v. United States*, 71 Fed. Cl. 634, 635 (2006).

Red River argues that the government adequately represents the proposed intervenors' interests. Specifically, it contends that the government's likely arguments "will align with whatever arguments Vanquish or Gemini may present" and that the government shares their "ultimate goal." Red River Opp'n at 6–7. Some decisions of my learned colleagues could be read as consistent with that view. *See Glob. K9 Prot. Grp., LLC v. United States*, 170 Fed. Cl. 523, 555–56 (2024) (citing *John R. Sand & Gravel Co. v. United States*, 59 Fed. Cl. 645, 656 (2004), *aff'd sub nom. John R. Sand & Gravel Co. v. Brunswick Corp.*, 143 F. App'x 317 (Fed. Cir. 2005); *Freeman v. United States*, 50 Fed. Cl. 305, 310 (2001); and *Anderson Columbia Env't, Inc. v. United States*, 42 Fed. Cl. 880, 883 (1999)); *see also Nev. Site Sci. Support & Techs. Corp. v. United States*, 128 Fed. Cl. 337, 338 (2016) (denying permissive intervention because "the government is capable of adequately representing the position" of potential intervenors). But as I have explained elsewhere, it is unrealistic to think a court can predict litigants' future arguments, let alone decide that one entity's presentation of arguments should be good enough to satisfy another entity with distinct interests. *See Superior Optical*, 171 Fed. Cl. at 54 n.3. What matters is whether a proposed intervenor's motivations and incentives differ from those of the main parties, *see id.*; *Air Borealis*, 162 Fed. Cl. at 782 (reasoning that the government could take positions that were not in the intervenors interests where the parties had "different aims"), which — again — is the norm in bid protests. Red River's self-serving prediction that multiple separately represented adverse entities will all make the same arguments in pursuit of the same goal, *see* Red River Opp'n. at 6, invites exactly the kind of intrusive speculation that this Court must avoid.

The problem for Gemini and Vanquish, rather, is their lack of a direct, legally protectable interest in the case. *See, e.g.*, *Wolfsen Land & Cattle*, 695 F.3d at 1315. In

pre-award protests, this Court typically holds that offerors other than the plaintiff do not have legally protectable interests sufficient to support intervention as of right. *See, e.g.*, *AirBoss Def. Grp., LLC v. United States*, 171 Fed. Cl. 240, 244–45 (2024); *Vectrus Servs. A/S v. United States*, 164 Fed. Cl. 693, 707 n.14 (2023); *Nev. Site*, 128 Fed. Cl. at 338; *Am. Mar. Transp., Inc. v. United States*, 15 Cl. Ct. 29, 30 (1988), *aff'd*, 870 F.2d 1559; *see also Oak Grove Techs., LLC v. United States*, No. 23-1124C, 2023 WL 5030761, at *2 (Fed. Cl. Aug. 7, 2023). Sometimes offerors "with more than the usual interest in the procurement" are allowed to intervene as of right in pre-award protests. *See Superior Optical*, 171 Fed. Cl. at 56–57 (citing *Winston-Salem Indus.*, 144 Fed. Cl. at 644–45; *Harmonia Holdings Grp., LLC v. United States*, 132 Fed. Cl. 129, 132 (2017); and *SOS Int'l, LLC v. United States*, 127 Fed. Cl. 576, 579 (2016)); *Oak Grove Techs.*, 2023 WL 5030761, at *2. But no such circumstances are apparent here. Gemini and Vanquish are simply offerors seeking advantages in the procurement process, and which may or may not ultimately receive an award. That leaves them without an interest sufficient to justify intervention as of right.

That still leaves the option of permissive intervention. The Court may grant a timely motion for permissive intervention when a proposed intervenor "has a claim or defense that shares with the main action a common question of law or fact," taking into account whether intervention would "delay or prejudice the adjudication of the original parties' rights." RCFC 24(b). Red River has not suggested that any delay or prejudice would result from permissive intervention. *See* Red River Opp'n at 7–8. The only issue is whether Gemini and Vanquish assert a claim or defense that has a question in common with the underlying action. *See id.*

The analogous federal permissive intervention rule "plainly dispenses with any requirement that the intervenor shall have a direct personal or pecuniary interest in the subject of the litigation." *Sec. & Exch. Comm'n v. U.S. Realty & Improvement Co.*, 310 U.S. 434, 459 (1940). Rather, the point of permissive intervention is to ensure that "all of the parties with a common set of positions [can] contribute" when doing so would "aid the litigation." *Nev. Site*, 128 Fed. Cl. at 338. The claims and defenses contemplated by the rule are simply "the kinds of claims or defenses that can be raised in courts of law as part of an actual or impending law suit." *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 623 n.18 (1997) (quoting *Diamond v. Charles,* 476 U.S. 54, 76–77 (1986) (O'Connor, J., concurring in part and concurring in judgment)).

Here, Red River effectively concedes that Gemini and Vanquish have claims or defenses in common with the main action. Red River — by its own account — "complain[s] that the Army engaged in discussions with [Gemini and Vanquish] that the Army did not have with Red River." Red River Opp'n at 3 (citing Compl. ¶¶ 47–97). The two other offerors therefore may wish to argue that there was nothing

improper about their discussions with the Army. Red River "also complains" that the Army "improperly" amended the procurement in a way that allowed one of the other offerors to continue participating after declining an award. *Id.* (citing Compl. ¶¶ 89–94). That means the other offerors may have arguments about the propriety of the amendment: Gemini and Vanquish might even disagree with each other.

Arguments directly responding to issues raised by Red River share common issues of fact with the main action because they "would arise from the same procurement, reflected in the same administrative record, and governed by the same law." *Air Borealis*, 162 Fed. Cl. at 783 (2022); *see also Mitchco*, 149 Fed. Cl. at 684–85. The arguments are also personal to Gemini and Vanquish, not only the government. Given that the main action will address those issues, permissive intervention ensures that parties like Gemini and Vanquish can participate in the resolution. *Nev. Site*, 128 Fed. Cl. at 338.

Gemini and Vanquish, moreover, have presented their arguments for intervention without the benefit of reviewing Red River's Complaint, which remains under seal. Under the protective order governing this case — entered three weeks ago — Red River is obligated to file a redacted version of its Complaint. *See* Protective Order ¶ 12 (ECF 13). But because Red River has not yet done so, Gemini and Vanquish instead had to rely on inferences from Red River's previous protest in the Government Accountability Office. Gemini Am. Mot. at 2; Vanquish Mot. at 3. Whatever the reason for Red River's delay might be, it would be inequitable to deny intervention to offerors that have offered good grounds for permissive intervention without access to the key pleading. *Am. Mar. Transp.*, 870 F.2d at 1561 ("[T]he requirements for intervention are to be construed in favor of intervention[.]").

## CONCLUSION

For the foregoing reasons, the motions to intervene (ECF 11; ECF 14) are **GRANTED**. Defendant-Intervenor Gemini Tech Services LLC's Motion to Intervene (ECF 9) is **DENIED AS MOOT**.


**IT IS SO ORDERED**.

s/ Stephen S. Schwartz
STEPHEN S. SCHWARTZ
Judge